SANDEL v. THE ATLANTA LIFE INS. CO.

1. APPEAL—PRACTICE.—In passing upon an appeal from an order sustaining a demurrer to a complaint, none of the points raised by the answer can be considered.
2. PLEADING—STATUTORY PENALTY.—It is not necessary under the Code pleading in suing for a statutory penalty to allege that the offense is against the form of the statute, when the statute giving the penalty is referred to.
3. IBID.—THE COMPLAINT sufficiently states the date of the commission of the alleged offense.
4. FOREIGN CORPORATIONS.—This State may refuse to permit a foreign corporation already doing business within its borders to continue such business without complying with such terms as it sees proper to impose.

Before KLUGH, J., October, 1897.   Reversed.

Action by F. L. Sandel *v.* The Atlanta Mutual Life Insurance Company for statutory penalty.   From judgment sustaining demurrer, plaintiff appeals.

*Messrs. P. H. Nelson* and *G. T. Graham,* for appellant, cite: *Not necessary to allege contra formam statuti:* N. Y. Ann. Code, 192; 21 Barb., 510; 3 N. Y., 190; 4 Denio, 469; 33 Ohio, 384; 15 Minn., 479.   *Error not to permit plaintiff to amend:* 12 S. C., 1; 13 S. C., 441; Code, 194, 197; 22 Cal., 127; 6 N. Y. Week. Dig., 140; 12 Cal., 410; 51 S. C., 313, 412, 379; 48 S. C., 28; 37 S. C., 42; 30 S. C., 111.

*Mr. John T. Sloan,* contra, cites: *Complaint should have alleged contra formam statuti:* 21 F. C., 938; 31 F. R., 341; 5 Pick., 168; 9 Ib., 162; 13 Ib., 94; 24 North America, 9; 2 Yerg., 390; 5 Pick., 169; 9 Ib., 162; 10 Mass., 35; 11 Mass., 273. *Time and place must be alleged:* 18 S. C., 305; 26 S. C., 275; 25 Ga., 515; 67 Mass., 483; 39 Me., 340. *Act in question repugnant to Constitution of this State and U. S.:* Con. 1895, art. 1, sec. 8; Con. U. S., art. 1, sec. 10; 2 Shaw., 17; 29 Car., 11 C., 3; 2 Mod., 310; 2 Led., 227;

16—58

2 Jones, 108; 1 Vent., 330; 5 Am. Dec., 295; 1 Bay, 93; 9 S. C., 288; 31 S. C., 1.  *Order refusing amendment not appealable:* 3 S. C., 606; 9 S. C., 334; 13 S. C., 20; 18 S. C., 315.

Sept. 28, 1898.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.  This is an action to recover the penalty imposed upon any insurance company or association transacting any business in this State without complying with the conditions required by the act of 2d of March, 1897, 22 Stat., 461.  The action was commenced on the          day of August, 1897, and was called for trial at September term, 1897, of the Court of Common Pleas for Lexington County.

An oral demurrer was interposed upon the ground that the facts stated in the complaint were not sufficient to constitute a cause of action, and, in conformity with Rule XVIII. of the Circuit Court, the points wherein the complaint was alleged to be insufficient were stated in writing as follows: "1. That the supposed offense is not alleged to have been committed against the form of any statute or statutes of this State or of the United States.  2. That it does not state the time and place of the commission of the supposed offense.  3. Because the contract set out in the complaint was entered into prior to the passage of the act of 1897, and is not, therefore, in violation of said act."

After argument, his Honor, Judge Klugh, granted an order sustaining the demurrer and dismissing the complaint with costs.  After the Judge's conclusion was announced, but before the said order was signed, the plaintiff moved for leave to amend his complaint, which was refused.

The plaintiff appeals upon the several grounds set out in the record, which practically raise but two questions: 1st, whether there was error in sustaining the demurrer; 2d, whether there was error in refusing the application to amend.  To determine the first question, two inquiries are presented: 1st, what facts are alleged in the

complaint; 2d, whether the facts there alleged are sufficient
to constitute a cause of action afforded by the act of 1897.
To these inquiries above must we confine our attention; for
we cannot, under this appeal, consider any of the points
raised by defendant's answer, a copy of which is set out in
the "Case." *Davis* v. *McDuffie*, 18 S. C., 495; see, also,
*Kennerty* v. *Etiwan Phosphate Co.*, 17 S. C., 411.

What, then, are the facts alleged in the complaint? 1.
That the defendant is a corporation created by the laws of
the State of Georgia, "and doing business in the State of
South Carolina." 2. That the defendant is an insurance
company, engaged in the business of life and accident in-
surance, and doing business in the State of South Carolina,
"and is not a fraternal order or lodge, nor mutual
life or fire insurance company on the assessment plan,
incorporated under the laws of the said State of South
Carolina." 3. That the defendant is not possessed of
$100,000 of surplus, and has not filed with the comptroller
general the certificate of the official of some other State of the
United States, under his hand and official seal, that he holds
on deposit or in trust, for the benefit of all the policy hold-
ers or members of such company or association, securities
worth $100,000; and the said defendant has not deposited
with the state treasurer of South Carolina valid securities
aggregating $10,000. 4. That the plaintiff is a citizen of
this State, and has a policy of insurance in said defendant
company, issued on the 10th day of July, 1894, to wit:
Policy No. 1,334, which has been kept up by payment of
weekly payments or premiums since that date. 5. That
the defendant, by its conduct, as herein set forth, has vio-
lated the provisions of the act, approved 2d of March, 1897,
entitled "An act," &c., giving the full title of said act, and
has thereby violated section 3 of said act—giving the terms
of said section *in totidum verbis.* If these allegations be
true (and they must be taken to be so, in considering this
demurrer), then it is clear that the plaintiff has stated in
his complaint the facts necessary to constitute a cause of

action for the recovery of the penalty imposed by the act of 1897 for a violation of its terms. For the act forbids any insurance company, except fraternal orders or lodges, and mutual life or insurance companies on the assessment plan, incorporated in this State, from doing business in this State, without complying with the provisions of the act, designed to secure to the citizens of this State, who hold policies in such companies, a penalty to be recovered by any citizen of this State, holding a policy issued by any such company, by an action in any court of competent jurisdiction in this State; and the allegations of the complaint show that the defendant is an insurance company, not belonging to any of the classes of companies or associations exempted from the operation of the act; that it is doing business in this State without complying with the requirements of the act, and is, therefore, liable to the penalty imposed, which the plaintiff, being alleged to be a citizen of this State, holding a policy issued by the defendant company, is expressly authorized to recover. What further allegation can be necessary, we are unable to perceive. The omission of the purely formal allegation, that the offense imputed to the defendant was against the form of any statute of this State, is wholly immaterial; for while such technical formality may be necessary in an indictment, or perhaps might formerly have been necessary under the previous system of special pleading, which it was the very object of the Code to abolish, and to substitute therefor a simpler and more concise form, by which it is only necessary for a complaint to contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition," no such technicality is required or even countenanced by the reformed system of procedure.

As to the second specification of deficiency in the allegations of the complaint, "that it does not state the time and place of the commission of the supposed offense," it seems to us that this is another attempt to construe a Code pleading by the technical rules applicable to a criminal

pleading. Indeed, the allegations in the complaint may be regarded as indicating both time and place with sufficient accuracy, for it is alleged in the second paragraph that the defendant is doing business within this State, and in the fourth paragraph the allegation is that the policy held by plaintiff has been kept up ever since its date, "by payment of *weekly* payments or premiums." But even if these allegations should be regarded as too indefinite and uncertain, the remedy is *not* by demurrer, but by a motion to make the allegation more definite. .

The third specification upon which the demurrer is rested, to wit: that "the contract set out in the complaint was entered into prior to the passage of the act of 1897, and is not, therefore, in violation of said act," seems to us to go more to the merits of the case than the alleged deficiency in the complaint. The defendant does not complain that the defendant violated the act of 1897 by issuing to him a policy in 1894, and hence we do not perceive the application of this specification to the question which we are called upon to determine. We suppose, however, that the real point which the defendant desires to make by this specification is, that the defendant having been permitted by this State to do business within its borders, at the time the policy was issued in 1894, the State could not afterwards, by the act of 1897, impose any new conditions upon its right to do business in this State without violating the contract clause of the Constitution of the United States. We will not decline to consider the question in this respect, though we might do so under our rules of practice. The defendant, being a foreign corporation, can only exercise its corporate powers within this State by permission, either express or implied. It has no legal right to do so, but its privilege rests only upon comity. Hence this State may either grant or refuse a license to a foreign corporation to do business within its borders; and the grant may be either absolute or conditional, according as the proper authorities may determine. *Bank of Augusta* v. *Earle*, 13 Peters, 519; *Paul* v. *Virginia,*

8 Wall, 168; *Liverpool Ins. Co.* v. *Mass.*, 10 Wall, 566; *Doyle* v. *Continental Ins. Co.*, 94 U. S., 535. Hence we see no reason why the State could not require of the defendant company a compliance with the provisions of the act of 1897, designed simply to provide a security for its policy holders who are citizens of this State, as a condition of its being allowed to continue to do business in this State.

Having reached the conclusion that there was error in sustaining the demurrer to the complaint, the question as to whether there was error in refusing leave to amend does not arise, and need not be considered.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.